# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| ARMED FORCES BANK, N.A., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:10-CV-00460-DGK |
| STEPHEN J. COLLIAS, et. al., | ) ) ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO DISMISS

This case arises from Defendants' alleged failure to honor certain loan guarantees. Plaintiff Armed Forces Bank, N.A. contends that Defendants failed to fulfill their obligations to guarantee various loans made by Plaintiff to Franklin Pacific Finance LLLP, FPF Oak Trails LP, and 2nd Street Commons LLP. Plaintiff filed suit on May 4, 2010, and Franklin Pacific Finance LLP filed Chapter 11 bankruptcy proceedings in the Central District of California on May 24, 2010. The Court previously granted Defendants multiple extensions to file an answer pending the outcome of Franklin Pacific's bankruptcy proceedings. The bankruptcy court confirmed Franklin Pacific's re-organization plan on April 7, 2011, and the Plan took effect May 2, 2011.

Now before the Court is Defendants' Joint Motion to Dismiss (doc. 40). Defendants argue the Confirmation Order, which discharged Franklin Pacific's debt liabilities and adjusted the debtor's obligations pursuant to the Plan, also cured the underlying debt and removed Defendants' liability as guarantors. Defendants argue that if no debt exists then Defendants owe no obligation under the guarantee, and Plaintiff has failed to state a claim upon which relief can be granted. The Court finds Plaintiff has stated an actionable claim because the bankruptcy

court's Order discharging the debtor's liability does not alter guarantor liability. Accordingly, the Motion is DENIED.

## Standard

In reviewing the adequacy of a complaint, the court assumes the factual allegations are true and construes them in the light most favorable to Plaintiff. *Data Mfg., Inc. v. UPS, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). "Dismissal is proper when the plaintiff's complaint fails to state a claim upon which relief can be granted." *Northstar Indus v. Merrill Lynch & Co.*, 576 F.3d 827, 831–32 (8th Cir. 2009). In addition, "[t]he district court may take judicial notice of public records and may thus consider them on a motion to dismiss." *Stahl v. U.S. Dept. of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003). The Court will take such notice of the bankruptcy court's Confirmation Order for this motion.

## Discussion

Plaintiff's Petition (the "Complaint") alleges breach of contract for failure to pay guarantees on defaulted loans. Defendants argue that all claims should be dismissed. Defendants assert that by discharging the liability of Franklin Pacific, the Bankruptcy Court also removed guarantor liability for the debt. This view, however, is not supported by case law.

**I.     Discharging debtor liability does not discharge guarantor liability.**

**A.     The underlying debt still exists despite bankruptcy relief of debtor's liability.**

Despite the discharge of Franklin Pacific's liability, the underlying debt still exists. The Bankruptcy Code states, "[D]ischarge of a debt of the debtor does not affect the liability of any other entity on…such debt." 11 U.S.C. § 524(e) (1988). The Fifth Circuit has further explained, "A discharge in bankruptcy does not extinguish the debt itself, but merely releases the debtor from personal liability for the debt. Section 524(e) specifies that the debt still exists and can be

collected from any other entity that might be liable." *Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d 51, 53 (5th Cir.1993). Because the debt still exists, guarantor liability for that debt can continue after the debtor's discharge.

**B.      Discharge of debtor liability through bankruptcy does not affect guarantor liability for debt default.**

Chapter 11 U.S.C. § 524(a) prevents a creditor from taking action against a debtor discharged in bankruptcy. However, "the debt still exists and can be collected pursuant to § 524(e) from any other entity that might be liable to the creditor." *In re Diamantis*, 380 B.R. 838, 843 (Bankr. N.D. Ala. 2007). The Bankruptcy Code does not exclude guarantors from "any other entity" and courts have repeatedly held that guarantor liability is not affected by a debtor's discharge. *See In re A.P.I. Inc.*, 331 B.R. 828, 868 (Bankr. D. Minn. 2005); *Vogt v. Dynamic Recovery Servs.*, 257 B.R. 65, 70 (Bankr. D. Colo. 2000). The Eleventh Circuit has affirmed this view by stating that "confirmation of a debtor's Chapter 11 plan does not discharge the obligations of a third-party guarantor." *In re Sure-Snap Corp.*, 983 F.2d 1015, 1019 (11th Cir. 1993). Section 524(e) suggests that guarantor liability is a separate obligation to the underlying debt, which can exist independently after the debtor's liability is discharged.

Defendants provide no authority for their claim that discharge of a debtor's liability through bankruptcy also eliminates guarantor liability. Additionally, Defendants' "theory would defeat the purpose of loan guaranties; after all, a lender obtains guaranties specifically to provide an alternative source of repayment in the event that the primary obligor's debt is discharged in bankruptcy." *NCNB Tex. Nat'l Bank v. Johnson*, 11 F.3d 1260, 1266 (5th Cir. 1994). The case law and 11 U.S.C. § 524(e) make plain that guarantor liability is not affected by debtor

3

discharge. As such, merely discharging Franklin Pacific's liabilities does not cure all obligations associated with the debt, and Defendants' guarantor liability remains.

## Conclusion

For the foregoing reasons Defendants' Motion to Dismiss (doc. 40) is DENIED.

IT SO ORDERED.

DATE: June 30, 2011 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT